**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Maria Paz-Siliezar,<br><br>        Plaintiff,<br><br>   -v-<br><br>Country Service, Inc., and<br>Jess Jacobs,<br><br>       Defendants. | Civ. Action #:<br><br>**Complaint**<br><br>**Date Filed:**<br><br>**Jury Trial Demanded** |

   Plaintiff Maria Paz-Siliezar ("Plaintiff" or "Paz-Siliezar"), by Abdul Hassan Law Group, PLLC, her attorney, complaining of Defendants Country Service, Inc., and Jess Jacobs (collectively "Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges that she was employed by Defendants, individually and/or jointly, and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216 (b), she is: (i) entitled to unpaid wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times the regular rate for all such hours over forty in a week; and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. including 29 U.S.C § 216(b).

2. Plaintiff further alleges that she was employed by Defendants and pursuant to the New York Labor Law ("NYLL"), she is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times her regular rate for such hours over forty in a week, (ii) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid at rates not less than 1.5 times the New York Minimum wage rate for each hour worked in excess of forty hours in a work week, (iii) entitled to unpaid minimum wages from Defendants for working and being paid less than the applicable New York State minimum wage rate for each hour she worked for Defendants in a week, (iv) entitled to an extra hour of pay for each day he worked a spread of hours of more than ten (10) hours, and (v) is entitled

to maximum liquidated damages and attorneys' fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law§§ 650 et seq., including NYLL § 663, and the regulations thereunder.

3. Plaintiff is also entitled to recover her unpaid wages, and wage deductions, under Article 6 of the New York Labor Law including sections 191, 193, 198, compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

7. Plaintiff Maria Paz-Siliezar ("Plaintiff" or "Paz-Siliezar") is a resident of Rockland County in the State of New York.

8. Upon information and belief and at all times relevant herein, Country Service, Inc. ("Country Service") was a New York corporation.

9. Upon information and belief and at all times relevant herein, the corporate Defendant Country Service was owned/controlled/managed by Defendant Jess Jacobs ("Jacobs") who was in charge of the operations and management of corporate Defendant.

10. Upon information and belief and at all times relevant herein, the corporate Defendant was owned/controlled/managed by Defendant Jacobs and it was Defendant Jacobs who controlled the employment of Plaintiff and was responsible for hiring, firing, scheduling, controlling, managing, supervising, and record- keeping as to plaintiff's employment, among other employment functions.

11. Upon information and belief and at all times relevant herein, Defendants shared a principal place of business in Rockland County, New York at 12 Joyce Drive, New City, NY 10956, where Plaintiff was employed.

12. At all times relevant herein, Plaintiff was employed by Defendants, individually and/or jointly.

## STATEMENT OF FACTS

13. Upon information and belief, and at all relevant times herein, Defendants were engaged in the business of handling return of leased vehicles for companies such as Ford.

14. Upon information and belief and at all times relevant herein, Defendants employed six or more employees.

15. Plaintiff was employed by Defendants from in or around 2014 to in or around July 2018.

16. At all times relevant herein, Plaintiff was employed by Defendants to a lease return technician – handling the return of leased vehicles within New York.

17. At all times relevant herein, Plaintiff was an hourly employee of Defendants and was paid at a regular rate of $10-$11.50 an hour at separate times during her employment with Defendants and Plaintiff was not paid for each and all hours worked in each week during her employment with Defendants – Plaintiff was not paid for about 4 hours worked per week, during her employment with Defendants.

18. At all times relevant herein, Plaintiff worked about 50-70 hours or more each week for Defendants, throughout the period of her employment with Defendants. However, Defendants did not pay Plaintiff at a rate of at least 1.5 times her regular rate for her overtime hours worked (hours over 40 in a week).

19. At all times relevant herein, Plaintiff was paid at her straight regular rate for her overtime hours worked in each week during her employment with Defendants and Plaintiff was not paid at all for about 4 hours each week.

20. A more precise statement of the hours and wages will be made when Plaintiff obtains the wage, time and employment records Defendants were required to keep under the FLSA (29 USC 211 and 29 CFR 516) and NYLL (NYLL 195 and 12 NYCRR 142-2.6). Accurate copies of Plaintiff's wage and time records that Defendants were required to keep are incorporated herein by reference.

21. At all times relevant herein and for the time Plaintiff was employed by Defendants, Defendants failed and willfully failed to pay Plaintiff an overtime rate of at least 1.5 times the New York Minimum Wage rate for each and all hours worked in excess of forty hours in each week during her employment with defendants.

22. At all times relevant herein, Defendants failed to pay Plaintiff at a rate of at least the NYS applicable minimum wage rate for each and all hours worked in a week, for each week during her employment with Defendants.

23. At all times relevant herein, Plaintiff worked a spread of hours of more than 10 hours a day for each and all days during her employment with Defendants – for example, Plaintiff worked 14-15 hours **a day during the last two months of her employment with Defendants**; 5 days a week.

24. At all times relevant herein, Defendants did not provide Plaintiff with the notice(s) required by NYLL 195(1).

25. At all times relevant herein, Defendants did not provide Plaintiff with the statement(s)

required by NYLL 195(3).

26. At all times relevant herein and for the time Plaintiff was employed by Defendants, Defendants failed and willfully failed to pay Plaintiff an overtime rate of at least 1.5 times her regular rate of pay for all hours worked in excess of forty hours each week.

27. Upon information and belief and at all times relevant herein, Defendants, had annual revenues from its operations of more than five hundred thousand dollars.

28. At all times applicable herein, Defendants conducted business with vendors and other businesses outside the State of New York such as national car companies.

29. At all times applicable herein and upon information and belief, Defendants conducted business in interstate commerce involving the purchase of vehicles, equipment, and supplies.

30. Upon information and belief, and at all times relevant herein, Defendants as a regular part of their business, make payment of taxes and other monies to agencies and entities outside the State of New York.

31. Defendants as a regular part of its business, engaged in credit card transactions involving banks and other institutions outside the state of New York, and in the stream of interstate commerce.

32. At all times applicable herein and upon information and belief, Defendants transacted business with insurance companies, banks and similar lending institutions outside the State of New York.

33. At all times applicable herein and upon information and belief, Defendants utilized the instrumentalities of interstate commerce such as the United States mail, internet, electronic mail and telephone systems.

34. Upon information and belief, and at all relevant times herein, Defendants failed to display

federal and state minimum wage/overtime posters.

35. Upon information and belief, and at all relevant times herein, Defendants failed to notify Plaintiff of her federal and state minimum wage and overtime rights and failed to inform Plaintiff that she could seek enforcement of such rights through the government enforcement agencies.

36. "Plaintiff" as used in this complaint refers to the named Plaintiff.

37. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Unpaid Overtime)

38. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 37 above as if set forth fully and at length herein.

39. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the FLSA - 29 U.S.C 201 et Seq.

40. Upon information and belief, and at all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or defendants constituted an enterprise(s) engaged in commerce within the meaning of the FLSA including 29 U.S.C. § 207.

41. Upon information and belief and at all times relevant herein, Defendants transacted commerce and business in excess of $500,000.00 annually or had revenues and/or expenditures in excess of $500,000.00 annually.

42. At all times relevant herein, Defendants failed and willfully failed to pay Plaintiff overtime compensation at rates of at least 1.5 times her regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

**Relief Demanded**

43. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, her unpaid overtime compensation, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION

### NYLL 650 et Seq. and 12 NYCRR 142-2.2 (Unpaid Overtime + Min. Wages + SOH)

44. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 42 above as if set forth fully and at length herein.

45. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder including 12 NYCRR § 142.

46. At all times relevant herein, Defendants failed to pay and willfully failed to pay Plaintiff overtime compensation at rates not less than 1.5 times her regular rate of pay and at rates not less than 1.5 times the New York Minimum wage rate, for each and all hours worked in excess of forty hours in a work-week, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.2.

47. At all times relevant herein, Defendants failed and willfully failed to pay Plaintiff at a rate that was at least equal to the applicable New York State minimum wage rate for each hour worked in a week in violation of the New York minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.1.

48. At all times relevant herein, Plaintiff worked a spread of hours of more than ten (10) hours each day during the period he was employed by Defendants, but Defendants failed to pay Plaintiff an additional hour of pay for each such day in violation of the New York Minimum Wage Act, New York Labor law § 650 et seq., including 12 NYCRR § 142-2.4.

**Relief Demanded**

49. Due to Defendants' NYLL overtime violations, Plaintiff is entitled to recover from Defendants, her unpaid overtime wages, minimum wages, spread of hours wages, maximum liquidated damages, prejudgment interest, attorney's fees, and costs of the action, pursuant to NYLL § 663.

## AS AND FOR A THIRD CAUSE OF ACTION
### (NYLL § 191, 193, 195, and 198)

50. Plaintiff alleges and incorporates each and every allegation contained in paragraphs 1 through 49 above with the same force and effect as if fully set forth at length herein.

51. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195, and 198 and the applicable regulations thereunder.

52. At all relevant times herein, Defendants violated and willfully violated Plaintiff's rights under NY Labor Law § 190 et seq. including NY Labor Law §§ 191, 193 and 198 by failing to pay Plaintiff her wages, including her unpaid overtime wages, (FLSA and NYMWA), and non-overtime wages including her unpaid minimum wages and spread of hours wages, within the time required under NY Labor Law § 190 et seq.

53. At all times relevant herein, Defendants failed and willfully failed to provide Plaintiff, with the notice(s) required by NYLL 195(1) – Plaintiff is therefore entitled to and seek to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing Defendants to comply with NYLL 195(1).

54.  At all times relevant herein, Defendants failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendants to comply with NYLL 195(1).

## Relief Demanded

55. Due to Defendants' New York Labor Law Article 6 violations including violation of sections 191, 193, and 198, Plaintiff is entitled to recover from Defendants, her entire unpaid wages, including her unpaid overtime wages, and non-overtime wages, minimum wages, spread of hours wages, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court grant the following relief:

56. Declare Defendants (including its overtime and wage payment policy and practice as well as its wage deduction policy and practice), to be in violation of the rights of Plaintiff under the FLSA and New York Labor Law - 12 NYCRR § 142, and Article 6 of the NYLL, including NYLL §§ 191, 193, 195 and 198.

57. As to the **First Cause of Action,** award Plaintiff her unpaid overtime compensation due under the FLSA, together with maximum liquidated damages, costs and attorneys' fees pursuant to 29 USC § 216(b);

58. As to the **Second Cause of Action,** award Plaintiff her unpaid overtime, minimum wage and spread of hours compensation due under the New York Minimum Wage Act and the regulations thereunder including 12 NYCRR § 142-2.2, 2.1, 2.4, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

59. As to the **Third Cause of Action**, award Plaintiff her entire unpaid wages, including her unpaid overtime wages, and non-overtime wages, minimum wages, spread of hours wages, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorney's fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198, and issue an injunction directing Defendants to comply with NYLL 195(1) and NYLL 195(3).

60. Award Plaintiff, any relief requested or stated in the preceding paragraphs but which has not

been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

61. Award Plaintiff further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
      **August 30, 2018**

Respectfully submitted,

Abdul Hassan Law Group, PLLC

/s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue
Queens Village, NY 11427
Tel: 718-740-1000
Fax: 718-740-2000
Email: abdul@abdulhassan.com
*Counsel for Plaintiff*